Brenda SPEARS, Appellant,

v.

CARHARTT, INC.; Mark C. Webster, Arbitrator; and Workers' Compensation Board, Appellees.

No. 2005–SC–0694–WC.

Supreme Court of Kentucky.

May 18, 2006.

Rehearing Denied March 22, 2007.

Norman E. Harned, Harned, Bachert & Denton, LLP, Bowling Green, Counsel for Appellant.

John C. Morton, Morton Law LLC, Henderson, Counsel for Appellee, Carhartt, Inc.

## OPINION OF THE COURT

This appeal concerns a workers' compensation claim that was submitted for Alternative Dispute Resolution (ADR), as authorized by KRS 342.277 and a collective bargaining agreement between the claimant's union and her employer. An arbitrator determined after a hearing that the claimant's request for arbitration was untimely under the agreement, and the Workers' Compensation Board (Board) and the Court of Appeals affirmed. Among other things, the claimant raises two broad arguments, that the ADR program was invalid because it diminished her rights under Chapter 342 and that it denied her due process. We affirm.

On September 15, 1997, the claimant injured her back while working for the defendant-employer. With the assistance of legal counsel, she filed a Form 101 application for benefits on September 21, 1999. In an order that was entered on September 30, 1999, and served on counsel for the parties, the Chief Administrative Law Judge (CALJ) referred the claim to the company's ADR program for further proceedings, stating:

> Pursuant to the Alternate Dispute Resolution Agreement for Workers' Compensation between Carhartt, Inc., and the National Apparel, Garment & Textile Workers Council, United Food & Commercial International Union, AFL–CIO & CLC, all workers' compensation claims for injuries occurring on or after May 1, 1996, must be immediately referred to the Alternate Dispute Resolution Program.

It is undisputed that the commissioner of the Department of Workers' Claims approved the parties' ADR agreement. Although a copy of the agreement has not been made a part of the record in this appeal, the parties indicate that it requires all claims to be referred immediately for mediation. A union representative may be present at the mediation conference, but legal counsel "will not be permitted to directly participate at mediation." As the

mediator assigned to this case later noted in a supplemental report, Article IV, subparagraph g, of the ADR agreement provides for arbitration if mediation is unsuccessful. The parties do not dispute that it states as follows:

Within thirty (30) calendar days after the completion of the mediation process, any party not satisfied with the outcome may file with the mediator a request that the matter be referred for arbitration. Upon receipt of such a request, the mediator shall immediately refer the matter to the arbitrator agreed to by the parties to this Agreement for arbitration. The arbitration date will be set with sufficient advance notice to permit the parties to retain and/or consult with legal counsel.

In the present case, a mediation conference was held on April 24, 2000. Nothing indicates that a union representative attended. The employer offered to settle the claim, but the claimant would not agree. As the mediator's May 1, 2000, report indicated:

The mediator was then advised that the Plaintiff was not in a position to accept a lump sum offer that day and needed an opportunity to seek the advice of counsel. The mediation was then concluded.[1]

No further action appears to have been taken until August 20, 2001, at which time a letter from the claimant's attorney to the employer's stated as follows:

As you know, I represent Brenda Spears in the above-styled workers' compensation claim.

Mediation was conducted in this claim in May, 2000; however, settlement was not reached between the parties. My client would like to schedule arbitration of this matter at this time. If any pa-

perwork is required to be completed by Carhartt, please send same to me at your earliest convenience.

The employer's attorney responded on August 30, 2001, declining the request for arbitration on the ground that the claimant failed to request it within 30 days after the mediation concluded.

A March 15, 2002, *ex parte* letter from the claimant's attorney informed the mediator of the employer's refusal and gave notice that the claimant rejected the April 24, 2000, offer of settlement. It requested a report that stated as much and also requested a referral to arbitration. On March 20, 2002, the mediator issued a supplemental report, attaching a copy of the letter. The supplemental report noted that the mediator was unaware the claimant rejected the employer's lump sum offer until he received counsel's letter and determined that the mediation process was not complete until then. The mediator referred the matter to an arbitrator agreed to by the parties under the terms of the ADR agreement.

In response to the employer's objection and request that the supplemental report be withdrawn, the mediator issued another order. It explained that the mediator assumed at the close of the mediation conference that the claimant or her attorney would be in contact regarding the employer's settlement offer and had not considered the process to be complete. It also noted that the ADR agreement did not clearly spell out "some procedural fine points." Nonetheless, the mediator accepted responsibility for failing to advise the claimant to contact him within a stated number of days after the conference and failing to state in the initial mediation report that the claimant had 30 days from

---

1. The mediator's May 1, 2000, report is not of record. It is quoted from the mediator's sup-    plemental report of March 20, 2002, which is of record.

the date of the mediation order to request that the matter be referred to an arbitrator. On that basis, the mediator concluded that the matter must be resolved in the claimant's favor.

After a series of heated communications between the parties' counsel and an advisory opinion by the Commissioner, the matter proceeded to arbitration. The parties submitted evidence, after which a hearing was held and the contested issues were briefed by counsel. They stipulated that the employer had paid $63,721.47 in medical bills and 29 weeks of temporary total disability (TTD) benefits at the rate of $176.90 per week but that the correct rate was $216.03.

On June 30, 2003, an arbitrator awarded the TTD to be paid at the correct rate and ordered medical bills to be paid through May 31, 2000. The arbitrator dismissed the claim for permanent income benefits on the ground that the request for arbitration was unreasonably late, and the claimant offered no plausible excuse for the delay. Moreover, the mediator had no duty to advise the claimant of her right to arbitration because it was described in the ADR Agreement. As a union member, she was charged with knowledge of her rights under the agreement, including the right to have union representation at the mediation conference, the right to request arbitration within 30 days after mediation concluded, and the right to have an attorney represent her during arbitration. Noting that the very purpose of ADR was to resolve workers' compensation claims promptly, the arbitrator observed that to give a worker two years after mediation to decide whether to accept a settlement offer was contrary to that goal. Nonetheless, the arbitrator did suggest that management give workers a form to request arbitration at the end of an unsuccessful mediation and also that the union assist workers who requested help in preparing the request and in finding legal counsel.

Although Chapter 342 sets forth a procedure for resolving disputed workers' compensation claims in which an ALJ is the finder of fact, KRS 342.276 and KRS 342.277 authorize the use of alternative procedures such as mediation and arbitration. The present case concerns an ADR procedure that was adopted under KRS 342.277 and certified by the commissioner. As enacted effective April 4, 1994, KRS 342.277 provides:

(1) In accordance with administrative regulations promulgated by the executive director, a collective bargaining agreement between an employer and a recognized or certified exclusive bargaining representative that contains the following provisions may be recognized as valid and binding:

(a) An alternative dispute resolution system to supplement, modify, or replace the provisions of this chapter that relate to the resolution of disputes, and which may include but is not limited to mediation and arbitration, the results of which may be binding upon the parties;

(b) The use of an agreed list of providers of medical treatment, which may be the exclusive source of all medical and related treatment provided under this chapter;

(c) The use of a limited list of physicians to conduct independent medical examinations;

(d) A light duty, modified job, or return-to-work program;

(e) A vocational rehabilitation or retraining program; and

(f) A twenty-four (24) hour health care coverage plan for medical benefits.

(2) A system of arbitration may provide that the decision of the arbiter is subject

to review by an administrative law judge.

(3) Notwithstanding the provisions in subsection (1) of this section, no agreement shall be recognized as valid and binding that diminishes the rights of any of the parties under this chapter. Also, no agreement shall be valid and binding unless it is agreed to by the employer's insurance carrier.

The Department of Workers' Claims adopted 803 KAR 25:150 to regulate ADR systems. It provides, in pertinent part, as follows:

Section 2. Application; Plan Requirements. (1) Any employer and the recognized or certified exclusive bargaining representative, through their designated ADR plan administrator may apply for certification of a plan which supplements, modifies, or replaces the provisions of KRS Chapter 342 that relate to the resolution of disputes. The format for the application is set forth in Appendix A. The application and appended materials shall demonstrate that:

(a) The employer and the recognized or certified exclusive bargaining representative have entered into a binding collective bargaining agreement adopting the ADR plan for a period of no less than two (2) years and appointing the ADR plan administrator for no less than a period of one (1) year;

(b) Contractual agreements have been reached with the employer's workers' compensation carrier, group self-insurance fund, and any excess carriers relating to the ADR plan.

(c) Procedures have been established by which claims for benefits by employees will be lodged, administered and decided while affording procedural due process.

(d) The plan has designated forms upon which claims for benefits shall be made. Such forms shall comport substantially with the Procedure for Adjustments of Claim forms prescribed by 803 KAR 25:010.

(e) The system and means by which the employer's obligation to furnish medical services under KRS 342.020 and vocational rehabilitation and retraining benefits under KRS 342.732 and 342.710 shall be fulfilled and providers selected.

(f) The method by which mediators or arbitrators are to be selected.

(g) The decision of a mediator or arbitrator upon a referred matter shall have the same force and effect as that of an administrative law judge under KRS Chapter 342.

(h) Income benefits for disability will be no less than those provided by KRS Chapter 342.

(2) The commissioner shall review the application within thirty (30) days and by written order served upon the ADR plan administrator notify that the plan had been certified, denied, or needs to be amended, affording the applicant thirty (30) days in which to make suggested amendments. Any order denying an application shall specifically set forth the basis of the denial.

(3) Any applicant aggrieved by the order of the commissioner denying an application may within fifteen (15) days of the date of that order file with the commissioner a request for hearing setting forth a concise statement of the reasons why the commissioner's decision should be changed. The commissioner shall in no less than thirty (30) days schedule and hold a hearing pertaining to the matter. Within ten (10) days of the conclusion of the hearing, the commissioner shall issue a final order adopting, modifying or reversing the prior

order relative to the application. An applicant aggrieved by that order may appeal to the Franklin Circuit Court within thirty (30) days of the entry of the order.

Section 3. Employees' Claims for Workers' Compensation Benefits. (1) Claims for benefits shall be filed with the ADR plan administrator within those periods of limitation prescribed by KRS Chapter 342. Within ten (10) days of the filing of a claim, the plan administrator shall serve a copy of the claim application upon the commissioner, who shall maintain records of all ADR claims and resolutions.

(2) Settlements of claims presented to the plan administrator shall be evidenced by a settlement agreement substantially comporting with Form 110–0, 110–1, or 110–R as adopted at 803 KAR 25:010. All such settlements shall be filed with the ADR plan administrator, who within ten (10) days shall forward a copy to the commissioner for recording.

(3) Upon assignment of claims, unless settled, mediators and arbitrators shall render final orders containing essential findings of fact, rulings of law and referring to other matters as pertinent to the questions at issue. The ADR plan administrator shall maintain a record of the proceedings.

. . . .

Section 5. Appeals. (1) A party to an ADR proceeding may appeal a final order to the Workers' Compensation Board in the same manner and in the same time frame as prescribed for an appeal from the decision of an administrative law judge. A copy of the notice of appeal shall be served by the appealing party on the plan administrator, who shall within twenty (20) days file with the commissioner a copy of the record of the proceedings before the mediator or arbitrator.

(2) The final order of the mediator or arbitrator shall be affirmed upon review unless the Workers' Compensation Board determines:

(a) The mediator or arbitrator exceeded the authority vested by applicable law;

(b) The final order is incomplete, ambiguous or so contradictory as to make implementation impracticable;

(c) The mediator or arbitrator was patently biased or partial;

(d) The mediator or arbitrator refused to admit reliable material or probative, but not redundant, evidence, which if accepted would tend to change the outcome of the proceeding; or

(e) The final order of the mediator or arbitrator was procured by fraud.

(3) No issue or point of error shall be raised before the board which was known or should have been known below, but was not raised before the arbitrator.

The claimant's first argument is that the ADR program substantially interfered with her statutory right to be compensated for her injury and, therefore, was invalid. She points out that KRS 342.277(3) declares any ADR program that diminishes the rights of a party to be invalid and that the regulations specifically require ADR programs to afford injured workers procedural due process as well as the same rights to income benefits and notice as provided in Chapter 342. 803 KAR 25:150, §§ (2)(1)(c) and (h) and § (3)1. She complains that the ADR agreement was invalid because it conflicted with her statutory rights, denied her right to due process by failing to permit legal counsel "to directly participate at mediation," and defeated the purpose of Chapter 342. Her second major argument is that the ADR program

also violated her constitutional due process rights by denying her right to counsel. Concluding that the program is both invalid and unconstitutional, she asserts that she is entitled to de novo review by an ALJ. We disagree.

◼ KRS 342.277 and the regulations permit workers and employers to agree to adopt procedures different from those found in Chapter 342 for resolving disputed claims. Contrary to the claimant's assertion, Chapter 342 and the regulations do impose procedural hurdles after a Form 101 is filed. *See, for example, Newberg v. Hudson*, 838 S.W.2d 384 (Ky. 1992); *Cornett v. Corbin Materials, Inc.*, 807 S.W.2d 56 (Ky.1991). In the present case, the May 1, 2000, mediation report clearly indicated that after the claimant failed to accept the employer's offer, "The mediation was then concluded." Contrary to the claimant's present argument, counsel's August 20, 2001, letter to the employer acknowledged that the parties failed to settle the claim during mediation and requested arbitration. Only after the request was refused as untimely did counsel's March 15, 2002, *ex parte* letter inform the mediator and assert that mediation was incomplete until such time as she formally declined the employer's offer through counsel. At that time, two years had passed since the mediation conference. She failed to submit the Form 3A arbitration request until November 14, 2002.

◼ Although the claimant notes correctly that 803 KAR 25:150, § 3(3), requires mediators and arbitrators to render final orders containing essential findings of fact and conclusions of law, she has pointed to nothing in Chapter 342, the regulations, or the parties' ADR agreement that indicates an arbitrator is bound by a mediator's decision in any matter. The claimant was represented by counsel during arbitration, just as she would have been before an ALJ. Even in cases decided by an ALJ, only an unreasonable finding of fact may be disturbed on appeal. *Special Fund v. Francis*, 708 S.W.2d 641, 643 (Ky. 1986). It was not unreasonable in the present circumstances for the arbitrator to find that the mediation process concluded on May 1, 2000; that the claimant failed to request a referral to arbitration from the mediator within the time permitted; and that she offered no plausible excuse for the delay.

Also supporting her argument that the ADR program was invalid, the claimant asserts that it violated her right to procedural due process as guaranteed by KRS 342.277(3) and 803 KAR 25:150, § 2(1)(c) insofar as it prohibited counsel from directly participating at mediation. She acknowledges that the program provides an expeditious resolution of disputed claims but argues that it fails to impose sufficient notice requirements on the Program Administrator and mediators. She complains that there was no evidence the employer or union notified her of the ADR program. Yet, she was deemed to have notice by virtue of her union membership despite her testimony that she did not know her claim would be dismissed if she failed to request arbitration. She was denied legal counsel to represent her at the mediation stage and to assure that she followed the correct procedure. Yet, she failed to receive notice of the 30–day period for requesting arbitration.

◼ Chapter 342 does not require actual notice of every procedural requirement. It requires notice of the need to file a claim and of the applicable period of limitations in cases where the employer terminates TTD or does not pay TTD when due, but it does not require notice if TTD is neither due nor paid. *See J & V Coal Co. v. Hall*, 62 S.W.3d 392, 395 (Ky.2001). In

the present case, the employer paid TTD and medical benefits voluntarily, and the claimant filed a timely application for benefits. Chapter 342 does not require notice of procedural time limits that apply after a claim is filed and contains no exception for workers who are acting *pro-se*. 803 KAR 25:150, § (2)(1)(c) requires only that an ADR program afford procedural due process.

■ The claimant may have been unaware of the ADR program when, with the assistance of counsel, she filed a Form 101 with the Department of Workers' Claims. Nonetheless, counsel was served with the CALJ's September 30, 1999, order, which clearly stated that the claim was referred to the ADR program pursuant to an agreement between the claimant's employer and union. Although represented by counsel, the claimant failed to object. Likewise, she participated without objection in an April 24, 2000, mediation conference. It is obvious from the circumstances that she was aware of the ADR program well before the conference and had ample time after the CALJ's referral to request information regarding the procedure. She also had ample time to obtain advice from her attorney regarding her rights under the procedure, particularly at mediation, when an attorney would "not be permitted to directly participate." Although the employer offered no evidence that the claimant was informed of the procedural requirements to which her union agreed on her behalf, there is no allegation that she requested but was denied any pertinent information.

■ The claimant's second major argument is that she had a substantial interest in receiving workers' compensation benefits and that the ADR program violated her due process rights by denying her legal counsel during mediation. Despite her complaints that "insubstantial offers are dangled in front of injured claimants [at mediation], with no one to assist them in making the most beneficial decision," this is not a case in which an inexperienced worker was persuaded by a sophisticated adjuster or employer to agree to unfavorable terms. The claimant refused to accept the employer's offer, and the mediation conference ended without a settlement. She asserted at the time that she wished to consult with counsel and has pointed to nothing in the ADR agreement that either discouraged or prevented her from doing so promptly in order to protect her rights. Yet, nothing in the record indicates she did so until on or about August 20, 2001, nearly 16 months after the conference. Not until March 15, 2002, which was nearly two years after the conference, did her attorney request a referral to arbitration as the ADR plan requires. Counsel did not file the Form 3A until eight months later.

■ The claimant complains that the ADR program diminished her rights under Chapter 342 by allowing a procedural dismissal where there was no prejudice to the employer. She asserts that once the requirement of filing a timely claim is met, nothing in Chapter 342, the Rules of Civil Procedure, or Kentucky jurisprudence requires further preservation of the right to a decision on the merits or imposes what amounts to another statute of limitations. Yet, although she is correct in her assertion that Chapter 342 is social legislation to benefit injured workers, even they may not sleep on their rights. Chapter 342 permits a timely-filed claim to be dismissed for failure to comply with subsequent procedural requirements. *See, Cornett v. Corbin Materials, supra,* (a worker's failure to prosecute within the prescribed period may be a proper basis for dismissing a timely-filed claim). It may well be that the delay in arbitration did not affect the employer's ability to

defend the claim. The fact remains, however, that KRS 342.040(1) requires an employer to pay interest on past due income benefits. Permitting a two-year delay in requesting arbitration would increase that cost.

■ Finally, the claimant argues that she cannot be bound by the ADR program's terms absent actual notice of the 30-day period for seeking arbitration at the end of mediation. We disagree. Unlike the situation in *Oakwood Mobile Homes, Inc. v. Sprowls,* 82 S.W.3d 193 (Ky.2002), this was not a case in which the employer modified the conditions of employment unilaterally. The claimant began working for the employer in 1995. Acting in its capacity as her collective bargaining agent, her labor union agreed to the ADR provision. Under the circumstances, her assent could properly be inferred from the fact that she continued in the employment after the provision took effect. Therefore, she was properly charged with knowledge of the terms of the provision, including the requirement that she request arbitration within 30 days after the conclusion of mediation.

The claimant's failure to object to a delay in holding mediation and to raise the matter to the Board precludes her present argument that the employer should be estopped from obtaining a procedural dismissal. *Breeding v. Colonial Coal Co.,* 975 S.W.2d 914, 916 (Ky.1998).

The decision of the Court of Appeals is affirmed.

LAMBERT, C.J., and COOPER, JOHNSTONE, ROACH, SCOTT and WINTERSHEIMER, JJ., concur.

GRAVES, J., dissents without opinion.