# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs October 25, 2011

## CHRIS ALLEN DYKES v. DAVID A. SEXTON, WARDEN

**Appeal from the Circuit Court for Johnson County**
**No. 5714      Robert E. Cupp, Judge**

**No. E2011-00592-CCA-R3-HC - Filed February 24, 2012**

The Petitioner, Chris Allen Dykes, appeals as of right from the Johnson County Circuit Court's summary dismissal of his petition for writ of habeas corpus. The Petitioner contends (1) that the habeas corpus court erred by dismissing his petition on procedural grounds and (2) that the judgments against him are void because they reflect a conviction of criminal responsibility for first degree murder when he was indicted for criminal responsibility for attempted first degree murder. Following our review, we conclude that the habeas corpus court erred by summarily dismissing the petition on the grounds stated in its order. However, we affirm the summary dismissal based upon other grounds stated in this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

Chris Allen Dykes, Mountain City, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Rachel West Harmon, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

Based upon the record before us, it appears that on May 19, 1999, the Marshall County Grand Jury returned a ten-count indictment against the Petitioner. Counts one and four alleged that the Petitioner committed the offense of criminal responsibility for attempted first degree murder. Counts two and five alleged that the Petitioner committed the offense of criminal responsibility for facilitation of attempted first degree murder. On September 22, 1999, the Petitioner entered a guilty plea pursuant to a plea agreement with the State. The petition to enter a plea of guilty read as follows: "1 + 4 – Criminal responsibility for

facilitation of attempted 1st degree murder, A felony. 26 yrs on each to run concurrent with each other." The judgment forms for counts one and four listed the charged and convicted offenses as "Criminal Responsibility Conduct Another." In the area provided to list the applicable Tennessee Code Annotated sections, the judgments referenced only "39-13-202," the first degree murder statute. The offenses were classified as Class A felonies and the Petitioner was sentenced as a Range II, multiple offender to 26 years with the sentences to run concurrently.

On July 5, 2002, the Petitioner filed a petition for post-conviction relief, which was dismissed without a hearing because it was untimely. The Petitioner did not appeal the post-conviction court's order. On March 28, 2005, the Petitioner filed a motion to reopen his post-conviction petition. The motion was denied and this court affirmed the denial on appeal. Chris Allen Dykes v. State, No. M2005-00948-CCA-R3-PC, 2006 WL 264613, at *1 (Tenn. Crim. App. Feb. 1, 2006) (Rule 20 Memorandum Opinion), perm. appeal denied (Tenn. May 30, 2006). On July 27, 2010, the Petitioner filed a pro se petition for a writ of habeas corpus. In the petition, the Petitioner argued the judgments against him reflected convictions for criminal responsibility for first degree murder and that the judgments were void because he was only indicted with criminal responsibility for attempted first degree murder and "no murder was committed." The Petitioner also argued that criminal responsibility for facilitation of attempted first degree murder[1] was not a cognizable crime in Tennessee.

On September 8, 2010, the State filed a motion to dismiss arguing that the petition should be dismissed because the copies of the judgments attached to the petition were made horizontally and omitted the special comments section and signature lines of the forms. The State concluded that because these areas were cut off, the Petitioner had failed to provide a copy of the judgments against him as required by Tennessee Code Annotated section 29-21-107(b). The State also argued that the Petitioner's claims "ultimately amount[ed] to a sufficiency challenge of his convictions," which was not cognizable in a habeas corpus proceeding.[2] On September 16, 2010, the Petitioner filed a response to the State's motion to dismiss. In the response, the Petitioner stated that the copies of the judgments had been made by "the prison administration" and that he was unaware that portions of the judgments had been omitted. The Petitioner provided the habeas corpus court with full copies of the

---

[1]In the petition, the Petitioner was unsure what he had pled guilty to, stating in various sections that he pled guilty to criminal responsibility for attempted first degree murder and criminal responsibility for facilitation of attempted first degree murder.

[2]The State repeatedly misstated in its motion to dismiss that the Petitioner had pled guilty to criminal responsibility for first degree murder. Despite the fact that the Petitioner pointed this out in his brief on appeal, the State's appellate brief makes the same misstatement.

judgments, showing that nothing was written in the special comments sections. On February 4, 2011, the habeas corpus court signed an order, drafted by the State, summarily dismissing the petition. The order essentially repeats the arguments made by the State in its motion to dismiss and dismissed the petition because the Petitioner "failed to meet his burden of attaching complete, legible judgments for the two convictions he [was] challenging." The order also states that the Petitioner's claim was a challenge to the sufficiency of the evidence and not cognizable in a habeas corpus proceeding. The Petitioner timely filed a notice of appeal.

ANALYSIS

The Petitioner contends that the habeas corpus court erred in summarily dismissing his petition. The Petitioner first contends that the dismissal of his petition on procedural grounds was not warranted. The Petitioner argues that the copies of his judgments attached with his petition were made by prison staff and contained all the pertinent information for review of his petition. The Petitioner also argues that he attempted to cure any defect by providing the habeas corpus court with complete copies of his judgments several months prior to the entry of its order. The Petitioner then contends that the judgments against him are void because they reflect convictions of criminal responsibility for first degree murder rather than what he actually pled guilty to. The State's response essentially repeats the arguments made in its motion to dismiss. The State argues that summary dismissal was warranted because "the bottom portion of the judgment form could reveal additional information regarding the [Petitioner's] convictions in the special conditions section that could provide further clarity regarding the [P]etitioner's claims."[3] The State further argues that the Petitioner's claims amount to a challenge to the sufficiency of the evidence of his convictions and that such a claim is not cognizable in a habeas corpus proceeding.

Under Tennessee law, the "grounds upon which habeas corpus relief may be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only where the petitioner has established: (1) a lack of jurisdiction for the order of confinement on the face of the judgment or in the record on which the judgment was rendered; or (2) that he is otherwise entitled to immediate release because of the expiration of his sentence. See State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000); Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court

_____

[3]The State makes this argument despite the fact that the record contained and the State had been provided with complete copies of the judgment forms, which showed that there was nothing in the special conditions section of the forms.

did not have the statutory authority to render such judgment." See Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. See Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). A court may summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petition does not state a cognizable claim. See Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004).

Tennessee Code Annotated section 29-21-107 lists the procedural requirements for a valid petition for writ of habeas corpus. One of the requirements is that the petition must list the cause of the alleged illegal restraint "according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence." Tenn. Code Ann. § 29-21-107(b)(2). The procedural requirements for habeas corpus relief, including the attachment of a copy of the judgment at issue, are "mandatory and must be followed scrupulously." Archer v. State, 851 S.W.2d 157, 165 (Tenn. 1993). The Petitioner asserts that prison policy required that prison personnel make the copies of his judgment forms. The Petitioner also asserts that he was unaware that the bottom portion of the form containing the special conditions section and signature lines had been cut off. When the Petitioner learned of this error, he quickly sought to cure the defect by sending copies of the full judgment forms to the habeas corpus court and the State. All the information necessary to adjudicate the Petitioner's claims could be found on the original copies of the judgments, and the full copies revealed that the special comments sections were blank. The habeas corpus court received the full copies of the judgments well in advance of its order denying the petition. Based upon these facts, we simply cannot conclude that the Petitioner failed to scrupulously follow the requirements of section 29-21-107. Accordingly, the habeas corpus court erred by summarily dismissing the petition on procedural grounds.

Likewise, we conclude that the habeas corpus court erred by ruling that the Petitioner was challenging the sufficiency of the evidence against him. The State is correct that challenges to the sufficiency of the convicting evidence are not cognizable in a habeas corpus proceeding. See Gant v. State, 507 S.W.2d 133, 136 (Tenn. Crim. App. 1973). However, the Petitioner has not made an argument regarding the sufficiency of the convicting evidence. Instead, the petition claims that the judgments incorrectly list the Petitioner as having been convicted of a crime that he was not indicted for and that he did not plead guilty to. Essentially, the Petitioner argued that his judgments reflected convictions for a more serious offense than he had been charged with.

Based upon the record before us, we believe that there are two likely scenarios regarding the Petitioner's guilty plea. The first and most likely is that the Petitioner pled guilty to criminal responsibility for attempted first degree murder as charged in counts one

and four of the indictment. In that case, the judgments failed to list the complete name of the offense and failed to list all of the applicable Tennessee Code Annotated sections. Such an omission would amount to a mere clerical error. See Joey Lee Smith v. Kevin Myers, No. M2005-01732-CCA-R3-HC, 2005 WL 3681656, at *2 (Tenn. Crim. App. Jan. 18, 2006) (citing McChristian v. State, 159 S.W.3d 608, 610 (Tenn. Crim. App. 2004)). Therefore, the omission "would not give rise to void judgments," and the judgments should be corrected[4] to reflect that the charged and convicting offenses were criminal responsibility for attempted first degree murder and to list all three applicable Tennessee Code Annotated sections, 39-11-402, -12-101, and -13-202. Id.; see also Cantrell v. Easterling, 346 S.W.3d 445 (Tenn. 2011).

On the other hand, there is evidence that the Petitioner may have pled guilty to criminal responsibility for facilitation of attempted first degree murder.[5] Criminal responsibility for attempted first degree murder would be a Class A felony while criminal responsibility for facilitation of attempted first degree murder would be a Class B felony. See Tenn. Code Ann. §§ 39-11-403(b), -12-107(a). If the Petitioner had pled guilty to criminal responsibility for facilitation of attempted first degree murder, then his 26-year sentence would be outside the range for a Class B felony committed by a Range II offender. See Tenn. Code Ann. § 40-35-112 (1999). However, a "plea-bargained sentence may legally exceed the maximum available in the offender Range so long as the sentence does not exceed the maximum punishment authorized for the plea offense." Hoover v. State, 215 S.W.3d

---

[4]Tennessee Rule of Criminal Procedure 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct clerical mistakes in judgments . . . and errors in the record arising from oversight or omission." This court has previously stated that prior to correcting a judgment pursuant to Rule 36, the "record in the case must show that the judgment entered omitted a portion of the judgment of the court or that the judgment was erroneously entered." Adrian Wilkerson v. Howard Carlton, Warden, No. E2007-02453-CCA-R3-HC, 2008 WL 4949227, at *5 (Tenn. Crim. App. Nov. 20, 2008) (quoting State v. Jack Lee Thomas, Jr., No. 03C01-9504-CR-00109, 1995 WL 676396, at *1 (Tenn. Crim. App. Nov. 5, 1995)). If that is the case, then the judgment of conviction should be forwarded to the convicting court to allow it to correct the judgment pursuant to Rule 36.

[5]It is unclear from the record in this proceeding which offense the Petitioner pled guilty to. The Petitioner in his pleadings has both stated that he pled guilty to criminal responsibility for attempted first degree murder and criminal responsibility for facilitation of attempted first degree murder. The State has both argued that the Petitioner pled guilty to criminal responsibility for first degree murder and criminal responsibility for attempted first degree murder. The petition to enter a plea of guilty listed the counts, felony classification, and sentence for criminal responsibility for attempted first degree murder but listed the name of the offense as criminal responsibility for facilitation of attempted first degree murder. A TOMIS report by the Department of Correction provided by the Petitioner listed the offense as criminal responsibility for facilitation of a felony. This court has stated in a prior opinion that, while it did not have the judgments, it "appear[ed] from the record that the Petitioner was convicted of facilitation of first degree murder." Dykes, 2006 WL 264613 at *1.

776, 780 (Tenn. 2007). Had the Petitioner pled guilty to criminal responsibility for facilitation of attempted first degree murder, his sentence would still be below the maximum 30-year punishment authorized for a Class B felony, and the sentence would be legal on the face of the judgment. See Tenn. Code Ann. § 40-35-111(b)(2) (1999). Accordingly, we conclude that the petition fails to state a cognizable claim for habeas corpus relief, regardless of which offense the Petitioner pled guilty to. Therefore, we affirm the habeas corpus court's summary dismissal of the petition on the grounds stated in this opinion.

## CONCLUSION

In consideration of the foregoing and the record as a whole, the judgment of the habeas corpus court is affirmed on the grounds stated herein.

_____
D. KELLY THOMAS, JR., JUDGE