RENDERED: SEPTEMBER 27, 2018
TO BE PUBLISHED

# Supreme Court of Kentucky



2018-SC-000271-I

GEOFFREY T. GRIMES                      MOVANT

ON REVIEW FROM COURT OF APPEALS
NO. 2018-CA-000013
FAYETTE CIRCUIT COURT
V.             NO. 17-CI-03962

GHSW ENTERPRISES, LLC             RESPONDENT

**OPINION OF THE COURT BY JUSTICE VENTERS**

**AFFIRMING**

Movant, Geoffrey T. Grimes, petitions pursuant to CR 65.09 for relief from an order of the Court of Appeals granting a CR 65.07 motion filed by Respondent, GHSW Enterprises, LLC (GHSW), to compel arbitration. GHSW filed its CR 65.07 motion seeking interlocutory relief to compel arbitration after the Fayette Circuit Court issued an order invalidating the arbitration clause embedded within the parties' employment contract. The circuit court found the arbitration provision was unenforceable due to lack of mutuality, in that under certain circumstances, it expressly allowed GHSW to seek provisional injunctive remedies in a court pending arbitration but did not specifically provide the same right to Grimes.

The Court of Appeals concluded that this lack of reciprocal access to the courts for injunctive relief did not invalidate the arbitration agreement as written. In his CR 65.09 motion challenging the Court of Appeals' holding, Grimes contends that (1) the trial court was correct in its holding that the arbitration clause was unenforceable; (2) that without the quality of mutuality the arbitration provision must fail for lack of consideration; and (3) that even if consideration existed, the arbitration provision is unconscionable because it permits GHSW to seek pre-arbitration remedies but does not allow him to do so.

For the reasons explained below, we affirm the Court of Appeals.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

GHSW operates a used automobile dealership in Lexington, Kentucky in which Grimes is a partner. In February 2015, GHSW and Grimes entered into an employment agreement in which Grimes would serve as GHSW's sales director. The agreement provided Grimes with a guaranteed member disbursement of $120,000 per year plus other benefits as compensation.

The employment agreement did not guarantee his employment for any particular length of time. Instead, it allowed GHSW or Grimes to terminate the employment at any time with or without cause; however, GHSW would suffer certain detriments if it discharged Grimes without cause. Those detriments included the voiding of the non-compete clause contained in the agreement.

The non-compete provision of the agreement is Section 4. It restricts Grimes from competing with GHSW within a radius of 50 miles for 12 months

2

after the termination of the agreement. Section 8(f) releases Grimes from the non-compete provision if GHSW terminated his employment without cause. Section 25 of the agreement contains an arbitration provision which provides as follows:

> **Arbitration; Injunctive relief.** Any controversy or claim arising out of or relating to this Agreement or the breach thereof shall be settled by arbitration administered by the American Arbitration Association in accordance with its National rules for the Resolution of Employment Disputes, or in accordance with such other rules as the parties mutually agree, and judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof. The arbitration proceeding shall be conducted in Fayette County, Kentucky (or such other location agreed upon by the parties). *The arbitrator shall have the authority to award any remedy or relief that a court of competent jurisdiction could order or grant including, without limitation, the issuance of an injunction.* The parties shall keep any arbitration (including the subject matter thereof) and any information disclosed in the arbitration proceedings secret and strictly confidential, except to the extent such information (i) is or becomes available to the public other than as a result of disclosure by the parties to such arbitration, their affiliates, employees or agents, or (ii) is required to be disclosed under applicable law (including any rule or regulation of a governmental body or self-regulatory organization) or in connection with any action, proceeding, or judicial process, but only to the extent it must be disclosed. *Without limiting the rights of Company to pursue any other legal and/or equitable remedies available to it for any breach by Employee of the covenants contained in Sections 4 [the non-compete provision], and 9 through 12[1] above, Employee acknowledges that a breach of those covenants would cause a loss to Company for which it could not reasonably or adequately be compensated by damages in an action at law, that remedies other than injunctive relief could not fully compensate Company for a breach of those covenants and that, accordingly, Company shall be entitled to injunctive relief. Accordingly, without inconsistency with this arbitration provision,*

---

[1] Paragraphs 9 through 12 address Grimes' confidentiality and nondisclosure obligations, his obligation to return documents and company information, his obligation not to solicit employees after the end of his employment, and his duty to refrain from disparaging the company.

3

> *Company may apply to any court having jurisdiction hereof and seek interim provisional, injunction, or other equitable relief with respect to breaches of the covenants contained in Sections 4, and 9 thought 12 above until the arbitration award is rendered or the controversy is otherwise resolved in order to prevent any breach or continuing breaches of Employee's covenants as set forth in Sections 4, and 9 through 12 above.* It is the intention of the parties that if, in any action before any arbitrator or court empowered to enforce such covenants, any covenant or portion thereof is found to be unenforceable, then such term, restriction, covenant, or promise shall be deemed modified to the extent necessary to make it enforceable by such court.

(emphasis added).

Shortly after his employment with GHSW ended in June 2017, Grimes accepted employment in the used car department of the nearby Paul Miller Ford dealership. GHSW alleges that Grimes had voluntarily resigned from GHSW, thus triggering the non-compete clause which Grimes violated by going to work for a competing automobile dealership within 50 miles. Grimes claims he was terminated without cause and was, therefore, released from the non-compete clause.

To resolve the matter, GHSW filed a petition for arbitration in accordance with the terms of the arbitration clause and correspondingly did not seek provisional injunctive remedies allowed by the agreement in the event of a violation of the non-compete clause. Grimes sought to avoid arbitration by filing a complaint in Fayette Circuit Court alleging breach of contract and various other causes of action. His pleadings included a motion seeking a declaration that the arbitration provision was invalid and unenforceable.[2]

---

[2] Grimes' complaint also asserts other claims not relevant to our review.

4

GHSW responded with a cross-motion to compel arbitration. Following a hearing, the trial court granted Grimes' motion and declared the arbitration provision invalid and unenforceable. The basis for the trial court's ruling was its conclusion that the arbitration clause lacked mutuality because it specifically allowed GHSW to seek provisional remedies in a court of law while not specifically providing Grimes with the same option. The trial court denied GHSW's motion to compel arbitration and then ordered the parties to submit to mediation.

GHSW sought immediate interlocutory relief pursuant to CR 65.07, filing a motion in the Court of Appeals to compel arbitration pursuant to the employment agreement. The Court of Appeals rejected the trial court's conclusion on lack of mutuality and granted the relief GHSW sought. Grimes opted to seek further review in this Court pursuant to CR 65.09.

CR 65.09 provides, in relevant part, that

> [a]ny party adversely affected by an order of the Court of Appeals in a proceeding under Rule 65.07 or Rule 65.08 may . . . move the Supreme Court to vacate or modify it. The decision whether to review such order shall be discretionary with the Supreme Court. Such a motion will be entertained only for extraordinary cause shown in the motion.

As provided in the Rule, our review of Grimes' claims "is limited to those cases which demonstrate 'extraordinary cause.'" *Price v. Paintsville Tourism Com'n*, 261 S.W.3d 482, 483 (Ky. 2008). Abuses of discretion by the courts below can supply such cause. *National Collegiate Athletic Ass'n v. Lasege*, 53 S.W.3d 77, 84 (Ky. 2001).

It is now well established that immediate interlocutory relief under rule CR 65 is available to challenge an order by the trial court denying a motion to compel arbitration in a case involving an employment contract. *Bridgestone/Firestone v. McQueen*, 3 S.W.3d 366, 367-68 (Ky. App. 1999). Such relief is available because the contractual right to arbitrate would be irreparably injured with no adequate remedy by appeal if the parties were required to proceed in the trial court prior to a determination of the validity of the arbitration provision. *North Fork Collieries, LLC v. Hall*, 322 S.W.3d 98, 102-03 (Ky. 2010). The principal question upon the application for such relief is whether the trial court correctly determined the validity of the arbitration provision under ordinary contract principles. *Id.*

To the extent findings of fact made by the trial court are at issue, we review those findings for clear error, while we review issues of law, including the interpretation of contractual language, under the de novo standard. *Id.* at 102.

## II.    ANALYSIS

In his CR 65.09 motion for interlocutory relief, Grimes contends that, by its express terms, the arbitration provision lacks mutuality because the clause permitted only GHSW to seek provisional remedies in court to the exclusion of Grimes; that in the absence of congruent mutuality the arbitration provision lacks consideration because, without further and specific compensation, it binds his remedies exclusively to arbitration while permitting GHSW to pursue

6

court remedies; and that even if consideration existed, the arbitration provision is unconscionable because it permits GHSW to seek pre-arbitration remedies but does not allow him to do so.

## A. General Principles of Arbitration

The Federal Arbitration Act (FAA) requires courts to place arbitration agreements "on equal footing with all other contracts." *DIRECTV, Inc. v. Imburgia*, 577 U.S. ——, ——, 136 S. Ct. 463, 465 (2015) (quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006)); *Kindred Nursing Centers Ltd. Partnership v. Clark*, 137 S. Ct. 1421, 1424 (2017); 9 U.S.C. § 2.

The FAA makes arbitration agreements "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. That statutory provision establishes an equal-treatment principle: A court may invalidate an arbitration agreement based on "generally applicable contract defenses" like fraud, lack of consideration, lack of mutuality, or unconscionability, but not on legal rules that "apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *AT & T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011).

Like its federal counterpart, Kentucky law generally favors the enforcement of arbitration agreements. *Ally Cat, LLC v. Chauvin*, 274 S.W.3d 451, 457 (Ky. 2009) ("We do not by this opinion signify any retreat from our recognition of the prevalent public policy favoring enforcement of agreements to arbitrate."). Doubts about the scope of issues subject to arbitration should be

7

resolved in favor of arbitration. *See Louisville Peterbilt, Inc. v. Cox*, 132 S.W.3d 850, 855 (Ky. 2004).

**B. The Employment Agreement Does Not Lack Mutuality and Is Supported by Adequate Consideration**

As noted, the FAA makes arbitration agreements "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The trial court voided the arbitration clause for lack of mutuality in the consideration. The trial court observed that GHSW's express ability to seek judicial relief by way of injunctive remedies was a contractual right not expressly shared by Grimes. The trial court concluded that it was "unable to find the consideration for Plaintiff Grimes being treated differently" on this issue, and therefore, concluded there was "a lack of mutuality of assent."

We have clearly recognized that an exchange of promises "to submit equally to arbitration" constitutes adequate consideration to sustain an arbitration clause. *Energy Home v. Peay*, 406 S.W.3d 828, 835 (Ky. 2013). While the agreement under review is silent on Grimes' right to seek provisional injunctive relief in a court of law pending arbitration, it likewise, does not specifically preclude Grimes from seeking such a remedy. Despite the difference in the language of the arbitration clause, in its response to Grimes' CR 65.09 petition, GHSW concedes that Grimes has that right, despite the absence of express language so stating. Federal authority supports that conclusion. "[T]he weight of federal appellate authority recognizes some

8

equitable power on the part of the district court to issue preliminary injunctive relief in disputes that are ultimately to be resolved by an arbitration panel." *Gateway Eastern Ry. Co. v. Terminal R.R. Ass'n of St. Louis*, 35 F.3d 1134, 1141 (7th Cir. 1994). We note, to similar effect, the Second Circuit's holding in *Benihana, Inc. v. Benihana of Tokyo, LLC.*:

> [w]here the parties have agreed to arbitrate a dispute, a district court has jurisdiction to issue a preliminary injunction to preserve the status quo pending arbitration. *See Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 910 F.2d 1049, 1052–53 (2d Cir.1990). The standard for such an injunction is the same as for preliminary injunctions generally. *Roso–Lino Beverage Distribs., Inc. v. Coca–Cola Bottling Co.*, 749 F.2d 124, 125–26 (2d Cir. 1984).

784 F.3d 887, 894-95 (2d Cir. 2015). Because we conclude that despite the absence of express language so stating, Grimes had the same right to seek injunctive relief as GHSW, there is no lack of mutuality in the consideration for the arbitration agreement.

We have not heretofore had the occasion to rule on this issue, but we do so now, adopting the holdings as stated in the above authorities. As a general matter, in the absence of affirmative language expressly agreeing to a limitation of that right, parties to an arbitration agreement may seek pre-arbitration injunctive relief pursuant to our rules of civil procedure.

The clear language of the arbitration clause, affirmatively granting GHSW the ability to seek pre-arbitration remedies for violation of the non-compete clause, does not negate that general rule cited above; nor do we construe the express acknowledgement of GHSW's right to seek such relief as an implication that Grimes has forfeited the same right the law otherwise accords him. We

are constrained to agree with the Court of Appeals that the trial court erred by setting aside the arbitration agreement.

*Conseco Finance Servicing Corp. v. Wilder*, 47 S.W.3d 335 (Ky. App. 2003), presents an analogous situation. There, the parties entered into a mobile home financing agreement with an arbitration provision permitting Conseco, despite the arbitration clause, to expeditiously file a court action to enforce its security interest. No similar provision was granted to the debtor. In upholding this differential treatment, the Court of Appeals held that "there is no inherent reason to require that the parties have equal arbitration rights." *Id.* at 343.

An imbalance in the respective remedial rights available to the parties under an agreement does not invalidate the agreement. Our contract law does not mandate equal obligations and rights on both sides. It is within the nature of contracts and the freedom to contract that each party decides what obligation he or she will accept in return for the obligation imposed upon the other party. The question is not whether the obligations and benefits of the contract are equally disbursed between the parties; the question is whether the consideration is *adequate* to support the agreement. *Id.* If there is valuable consideration flowing to each party to a contract, we need not interfere with their judgment and contractual freedom by ascertaining if each party was treated equally.

As has been noted in other contexts, the legal doctrines of "mutuality of obligations" and "mutuality of remedy" are "largely dead letters." *Doctor's Associates, Inc. v. Distajo*, 66 F.3d 438, 451 (2d Cir. 1995).

> As applied to arbitration clauses, that [mutuality of obligation] has been restated to mean that "the consideration exchanged for one party's promise to arbitrate must be the other party's promise to arbitrate." . . . But 'mutuality of obligation' has been largely rejected as a general principle in contract law, as well as in the arbitration context. The latest Restatement of Contracts provides that "[i]f the requirement of consideration is met, there is no additional requirement of . . . 'mutuality of obligation.'" Restatement (Second) of Contracts § 79 (1979). Option contracts, for example, are unquestionably valid under this modern rule despite their lack of "mutuality of obligation." That is, one party's promise to honor a future offer to purchase an item is valid if supported by the other party's present payment of a sum of money. The promise to accept the offer need not be supported by a reciprocal promise to make that offer.

*Id.*

In *Sablosky v. Edward S. Gordon Co.*, the New York Court of Appeals held that:

> [i]f there is consideration for the entire agreement that is sufficient; the consideration supports the arbitration option, as it does every other obligation in the agreement. . . . Since it is settled that the validity of an arbitration agreement is to be determined by the law applicable to contracts generally there is no reason for a different mutuality rule in arbitration cases.

535 N.E.2d 643, 645 (N.Y. 1989) (internal citation omitted).

We agree with the trend identified in *Doctor's Associates* and stated in *Sablosky* and in Restatement (Second) of Contracts § 79 (1979): "If the

11

requirement of consideration is met, there is no additional requirement of . . . 'mutuality of obligation.'"

The employment agreement under review guaranteed Grimes a member disbursement of $120,000 per year as compensation plus an array of other valuable benefits. In exchange, Grimes agreed to work for GHSW. Additional obligations and benefits, including the arbitration clause, were also included. Each party received, and committed itself to provide, adequate consideration to validate the agreement, even if each party received different consideration.

## C. The Arbitration Agreement Is Not Unconscionable

As an alternate ground to support the order of the trial court, Grimes argues that the arbitration provision is unconscionable because it expressly permitted GHSW to pursue provisional remedies in court pending arbitration while not specifically providing the same right to Grimes. Grimes also argues that the arbitration provision is unconscionable because it provides the arbitration proceedings must be kept confidential.

While the issue of unconscionability was presented to the trial court, the trial court did not make any findings of fact or otherwise rule on this issue. Whether a contract provision is unconscionable is "highly fact specific." *Kegel v. Tillotson*, 297 S.W.3d 908, 913 (Ky. App. 2009). Grimes' unconscionability argument is the same as his argument for striking down the arbitration clause—lack of mutuality. As noted above, the requirement for mutuality has fallen into disfavor, and so, his unconscionability argument, based upon lack of mutuality, is unpersuasive. Moreover, as noted above, because Grimes had

12

the same right as GHSW to seek pre-arbitration injunctive remedies by operation of law, despite the absence of language in the agreement, we find no unconscionability.

## III. CONCLUSION

For the foregoing reasons, we affirm the decision of the Court of Appeals.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Carroll Morris Redford, III
Elizabeth C. Woodford
Miller, Griffin & Marks, P.S.C

COUNSEL FOR APPELLEE:

John Choate Roach
W. Keith Ransdell
Ransdell, Roach & Royce PLLC

William Brian Burnette
Applegate Fifer Pulliam LLC