RENDERED: APRIL 28, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0476-MR


PETCO ANIMAL SUPPLIES STORES,
INC.; MICHAEL BRUCE; AND
SHAWNA NEWSOME                                                APPELLANTS


                    APPEAL FROM PIKE CIRCUIT COURT
v.              HONORABLE HOWARD KEITH HALL, JUDGE
                         ACTION NO. 21-CI-00742


JENNA KATE FIELDS                                                  APPELLEE


                              OPINION
                             REVERSING

                         ** ** ** ** **

BEFORE: CETRULO, DIXON, AND EASTON, JUDGES.

DIXON, JUDGE: Petco Animal Supplies Stores, Inc.; Michael Bruce; and

Shawna Newsome appeal from the order denying their motion to compel

arbitration entered by the Pike Circuit Court on April 11, 2022. Following review

of the record, briefs, and law, we reverse.

## FACTS AND PROCEDURAL BACKGROUND

Jenna Kate Fields was employed by Petco Animal Supplies Stores, Inc., (Petco) from 2012 through 2021. In 2013, Petco employee Michael Bruce allegedly began making sexual advances toward Fields. Fields reported this behavior to two Petco store managers, including Shawna Newsome, as well as anonymously to a "hotline."

In 2021, Petco sent Fields a Mutual Agreement to Arbitrate. This was part of a mandatory arbitration program implemented for all employees when Petco became a publicly traded entity. Employees were provided with this document and others by a software program, Workday, which Fields had utilized in the past. Company records were produced showing that Fields electronically executed this agreement and other documents on February 18, 2021.

In April 2021, Fields was suspended for theft, and after an investigation, was terminated.

Fields sued Petco, Newsome, and Bruce for sexual harassment, discrimination, and retaliation; wrongful termination; extreme and outrageous conduct; negligent retention; and hostile work environment. Defendants moved the trial court to compel arbitration, but the motion was denied. This appeal followed.

**STANDARD OF REVIEW**

An order denying a motion to compel arbitration is appealable under

KRS[1] 417.220(1). *Conseco Fin. Servicing Corp. v. Wilder*, 47 S.W.3d 335, 340

(Ky. App. 2001). On review,

> we defer to the trial court's factual findings, upsetting
> them only if clearly erroneous or if unsupported by
> substantial evidence, but we review without deference
> the trial court's identification and application of legal
> principles. Apparently the trial court made no factual
> findings in this case, but based its ruling solely on the
> application of certain principles of contract law to the
> arbitration clause . . . . Our review, accordingly, is *de
> novo*.

*Id.*

**ANALYSIS**

On appeal, Appellants argue the trial court erred by applying the

Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021

(the "Act")[2] to the case herein. The Act provides:

> Notwithstanding any other provision of this title, at the
> election of the person alleging conduct constituting a
> sexual harassment dispute or sexual assault dispute, . . .
> no predispute arbitration agreement or predispute joint-
> action waiver shall be valid or enforceable with respect to
> a case which is filed under Federal, Tribal, or State law

---

[1] Kentucky Revised Statutes.

[2] 9 United States Code Annotated (U.S.C.A.) §§ 401, 402.

and relates to the sexual assault dispute or the sexual harassment dispute.

9 U.S.C.A. § 402(a). It further states, "This Act, and the amendments made by this Act, shall apply with respect to any dispute or claim that arises or accrues on or after the date of enactment of this Act." The Act was enacted and became effective March 3, 2022. Therefore, by its terms, the Act is inapplicable to the claims herein, which arose in or prior to 2021.

Appellants next argue the Federal Arbitration Act (FAA)[3] and Kentucky Uniform Arbitration Act (KUAA)[4] apply to the arbitration agreement and, therefore, the trial court erred in not enforcing it. When "confronted with a motion to compel arbitration, the task of the trial court is simply to decide under ordinary contract law whether the asserted arbitration agreement actually exists between the parties and, if so, whether it applies to the claim raised in the complaint." *Stanton Health Facilities, LP v. Fletcher*, 454 S.W.3d 312, 315 (Ky. App. 2015) (internal quotation marks and citation omitted).

"The fundamental elements of a valid contract are offer and acceptance, full and complete terms, and consideration." *Energy Home, Div. of Southern Energy Homes, Inc. v. Peay*, 406 S.W.3d 828, 834 (Ky. 2013) (internal

---

[3] 9 U.S.C.A. § 2.

[4] KRS 417.045 *et seq.*

-4-

quotation marks and citation omitted). Petco's offer was continued employment in exchange for executing the agreement, Fields accepted the offer electronically, the full and complete terms are documented in the agreement, and the consideration was a promise to submit claims to arbitration. ("[A]n exchange of promises 'to submit equally to arbitration' constitutes adequate consideration[.]" *Grimes v. GHSW Enters., LLC*, 556 S.W.3d 576, 581 (Ky. 2018)).

One "seeking to enforce an agreement has the burden of establishing its existence, but once prima facie evidence of the agreement has been presented, the burden shifts to the party seeking to avoid the agreement. The party seeking to avoid the arbitration agreement has a heavy burden." *Louisville Peterbilt, Inc. v. Cox*, 132 S.W.3d 850, 857 (Ky. 2004) (citations omitted). Here, since Appellants presented sufficient evidence of the agreement, the burden shifted to Fields to avoid it. The trial court made no factual findings, instead relying upon the inapplicable federal law. On this record, Fields did not satisfy her burden.

Fields challenges her electronic signature. Under Kentucky's Uniform Electronic Transactions Act[5] an "'[e]lectronic signature' means an electronic sound, symbol, or process attached to or logically associated with a record and executed or adopted by a person with the intent to sign the record[.]" KRS 369.102(8). Fields' signature statement reads:

---

[5] KRS 369.101 to 369.120.

> By electronically clicking "Accept," I acknowledge that I received a copy of the Mutual Agreement to Arbitrate and understand that I am agreeing to arbitrate employment-related claims and waive my right to have such claims decided by a judge or jury in federal or state court. I further acknowledge and agree to the use of this electronic method as my signature to demonstrate my acknowledgement.

Even so, a signature is not required for an enforceable arbitration agreement. ("[U]nder Kentucky law, a party can be bound to a contract, even in the absence of a signature, when her actions indicate acceptance of the contract's terms." *Braxton v. O'Charley's Rest. Props., LLC*, 1 F. Supp. 3d 722, 727 (W.D. Ky. 2014); "Under the circumstances, her assent could properly be inferred from the fact that she continued in the employment after the provision took effect." *Spears v. Carhartt, Inc.*, 215 S.W.3d 1, 9 (Ky. 2006)). Here, Fields assented to the arbitration agreement through her electronic signature and continued employment.

Fields further claims no one went over the agreement with her. However, it is well-established, "one who signs a contract is presumed to know its contents[.]" *Clark v. Brewer*, 329 S.W.2d 384, 386 (Ky. 1959). As previously discussed, Fields signed the agreement; therefore, she is bound by its terms. Accordingly, Fields failed to overcome the heavy burden of avoiding the arbitration agreement, and the trial court erred in denying Appellants' motion to compel arbitration.

## CONCLUSION

Therefore, and for the foregoing reasons, the order of the Pike Circuit Court is REVERSED.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Faith C. Whittaker
Cincinnati, Ohio

Chase M. Cunningham
Louisville, Kentucky

BRIEF FOR APPELLEE:

Nathan D. Brown
Williamson, West Virginia